IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CASE NO. CR507-016 |
| ) | |
| WILLIAM K. CAPPS, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

Before the Court are Defendant William K. Capps's motions to correct illegal sentence (Docs. 99, 101, 104), and the Government's Motion to Dismiss Defendant's Motion to Correct Illegal Sentence. (Docs. 100, 103, 105).[1] After careful consideration, the Government's motions to dismiss (Docs. 100, 103, 105) are **GRANTED**, and Defendant's motions (Docs. 99, 101, 104) are **DISMISSED**.

## BACKGROUND

In July 2008, Defendant was convicted of possession of a firearm by a convicted felon and armed career criminal in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). (Doc. 34, Attach. 1.) Defendant was sentenced to life imprisonment to be served concurrently with the life imprisonment term he was serving for

---

[1] Defendant filed a series of motions in which he makes essentially the same arguments. (Docs. 99, 101, 104.) Defendant also filed a document which appears to contain a release plan in support of his motions. (Doc. 98.) The Government filed a motion to dismiss Defendant's motion and responses asking the Court to dismiss Defendant's subsequent motions for the reasons stated in its first motion to dismiss. (Docs. 100, 103, 105.)

related conduct. (Doc. 40 at 2.) The Eleventh Circuit affirmed Defendant's conviction and sentence on appeal. United States v. Capps, 351 F. App'x 421 (11th Cir. 2009) (per curiam). According to the Government, Defendant is currently incarcerated in a Georgia state prison. (Doc. 100, Attach. 1.)

**ANALYSIS**

In his motion, Defendant appears to argue that he was improperly convicted of crimes that "merged" and a charge that was dismissed in state court. (Doc. 99 at 1-2; Doc. 101 at 1-2; Doc. 104 at 1-2.) Defendant also raises arguments regarding his innocence. (Doc. 99 at 2; Doc. 101 at 2; Doc. 104 at 2-3.) The Government moves to dismiss Defendant's motions because his request to modify his sentence does not present a recognized basis for a sentence modification. (Doc. 100 at 1-2.) For the following reasons, the Court finds Defendant's motions are due to be **DISMISSED**.

"As a general rule, district courts 'may not modify a term of imprisonment once it has been imposed.'" United States v. Roberson, 746 F. App'x 883, 886 (11th Cir. 2018) (per curiam) (citing 18 U.S.C. § 3582(c)). To the extent Defendant seeks to modify his federal sentence, the Government is correct that there are only limited circumstances in which a district court can modify a final judgment. (Doc. 100 at 2 n.4 (citing United States v. Stossel, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003).) In this case,

2

the arguments in Defendant's motion do not fit within any of the circumstances justifying sentence modification under 18 U.S.C. § 3582 or Rule 35 of the Federal Rules of Criminal Procedure. Accordingly, to the extent Defendant asks the Court to modify its final judgment, Defendant's motions (Docs. 99, 101, 104) are **DISMISSED** for lack of jurisdiction.

While Defendant asks the Court to "correct" an illegal sentence, "a district court is required to 'look behind the label' of a pro se motion[.]" United States v. Tubby, 546 F. App'x 869, 873 (11th Cir. 2013) (per curiam) (quotation omitted). The Government argues it appears that Defendant is actually challenging the validity of his sentence, which is more appropriately raised in a 28 U.S.C. § 2255 motion. (Doc. 100 at 2.) Typically, a petitioner collaterally attacks the validity of his federal sentence by filing a petition under 28 U.S.C. § 2255. United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990). Defendant already raised similar arguments in a § 2255 motion in this case, and the Court adopted the Magistrate Judge's report and recommendation denying Defendant's 2012 motion as untimely. (Doc. 88 at 4; Doc. 90.)

## CONCLUSION

Accordingly, the Government's motions to dismiss (Doc. 100, 103, 105) are **GRANTED**, and Defendant's motions (Docs. 99, 101, 104) are **DISMISSED**.

SO ORDERED this 2ND day of February 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA